# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARK FRAZIER** <br> *Plaintiff pro-se* | : <br> : <br> : |
| v. | : **CIVIL ACTION NO. 18-CV-4673** <br> : |
| **THE STATE OF PENN,** *et al.,* <br> *Defendants* | : <br> : |

## MEMORANDUM

QUIÑONES ALEJANDRO, J.                                          JANUARY 24, 2019

Plaintiff Mark S. Frazier ("Frazier"), proceeding *pro se*, filed a Complaint against "the State of Penn," "The City of Phila," Ms. Violet, Ms. Shauna, Phila District Attorney, Susanne, All Seasons Landscaping, and SEPTA. In an Order docketed on November 5, 2018, this Court denied Frazier's motion to proceed *in forma pauperis*, without prejudice, because Frazier failed to provide sufficient information about how he supports himself financially. (ECF No. 5.) The Order provided Frazier time to either file an amended motion to proceed *in forma pauperis* or pay the fees to commence this case. Instead, he returned with a document titled "Account: Events Septa," which appeared to raise allegations related to his claims. (ECF No. 6.) Thereafter, this Court issued an Order docketed on December 11, 2018, giving Frazier an additional fourteen (14) days to either pay the fees or file an amended motion to proceed *in forma pauperis.* (ECF No. 7.)

Frazier returned with an *amended motion to proceed in forma pauperis* and two other documents apparently related to the substance of his claims. (ECF Nos. 8-10.) In an Order docketed on January 7, 2019, this Court denied the amended motion to proceed *in forma pauperis* because Frazier again failed to provide the Court with financial information reflecting how he supports himself. (ECF No. 11.) This Court denied Frazier's remaining motions because the

substance of the case was not yet properly before the Court and allowed Frazier one more opportunity to file a proper motion to proceed *in forma pauperis* or pay the court costs.

Thereafter, Frazier filed an "Amended Motion" in which he alleges that he cannot pay the fees to commence this civil action because he is unemployed and supports himself "by eating at public feeding places." (ECF No. 12 at 2.) Based on that representation, the Court will construe this Amended Motion as a motion to proceed *in forma pauperis* and permit Frazier to proceed *in forma pauperis*. However, Frazier's Complaint is dismissed for the following reasons.

## I. FACTS AND PROCEDURAL HISTORY

Frazier's allegations are somewhat difficult to understand. He alleges that "[l]ately [his] residence was set a blaze [sic] and [he] sent/emailed to DA concerning this and what [he] believe[s] as a conspiracy against [him] and company holdings." (Compl. at 5.)[1] It appears that Frazier is dissatisfied with the law enforcement response to his concerns about his residence and other matters. He claims that he was treated like a criminal, is "a victim of jealousy, theft, conspiracy to commit murder," and that attempts were made on his life by "police, informants and trespassers allowed down on [his] premises at night causing [him] to believe [they are] in pursuit of harm cause if [he] was a coward they would have long killed [him]." (*Id.*) Frazier indicates that he was "attacked and hit with a pitchfork" when he was "on [his] way to serve DA paperwork [unclear if this is paperwork related to the fire]" and that he was "assaulted at welcome center physically" after what he believes "was the creation of a hostile environment created by both caused the patrons to start harassing [him]." (*Id.* at 6.)

Frazier also appears to be pursuing claims related to events that occurred after he found a wallet in a parking lot where he lives, which he took to Philadelphia police in the 9th District.

---

[1] The Court adopts the pagination assigned to the Complaint by the CM-ECF docketing system.

Frazier alleges that officers "used this event to harass" and that he was arrested and "banned from college for printing from an open (non logged out sys) computer." (*Id.* at 5.) However, it is not clear how the arrest, the wallet and the printing are related. Frazier adds that "Ms. Violet and Ms. Shauna as a devout believer in the deity of the holy bible believe that many things that [he] [has] suffered at the welcome center is because of fraud concerning these two holding themselves out as pastors in a religion or doctrine that does not support females in such roles, as trespass on doctrine, fraud." (*Id.* at 6.)

Frazier alleges that he is pursuing federal claims on the following basis:

> Title VII, fraud, equal protection, invasion [of privacy], obstruction of justice, . . . creation of a hostile environment, arson (to destroy evidence, failed see Facebook for evidence as submitted to appeals court and preserved on Facebook) failure to prevent harm when responsible for resultant conditions, police stalking, failure to investigate arson.

(*Id.* at 4.) Frazier indicates that the events giving rise to his claims took place in October of 2018, but he also alleges that they occurred over the "past six years." (*Id.* at 5.) Indeed, it appears that Frazier sued SEPTA "for fraudulent inspection and subsequent collection of payment for work on property that [he] performed they took pictures" in 2011 or 2012. (*Id.* at 6.)

Frazier seeks an assortment of relief from the court in connection with this case. He seeks a restraining order "against 9th district police and their informants agents etc." and the arrest "of all seasons landscaping [perhaps related to] assault perpetration." (*Id.*) Frazier also appears to seek an injunction prohibiting his prosecution on a drug charge in Philadelphia Municipal Court on the grounds that the officer lacked probable cause to arrest him and filed the charge in retaliation. *Commonwealth v. Frazier*, MC-51-CR-0025866-2018 (Phila. Municipal Ct.). Frazier was released on bail in connection with that case and is scheduled for a mental health evaluation. Unrelatedly, he also asks the Court to remove the pastors "for fraud" and to arrest them. (*Id.*)

3

Frazier requests damage in the amount of $5 million on the basis that the Defendants' actions allegedly interfered with his ability to function as a product designer.

Frazier attached various exhibits to his Complaint which include emails to the Copyright Office dated August 17, 2016, in which Frazier claims to have been blackmailed and discusses copyright infringement. (*Id.* at 8-9.) They also include a subpoena related to his criminal case, an incident report form that was not fully completed, a note about how Frazier took a found item to the police station, and copies of Facebook posts about police and conspiracies. (*Id.* at 10-17.)

Documents Frazier filed after having submitted his Complaint provide additional allegations about his claims.[2] He indicates that he is being set up "possibly to obstruct justice for Septa cause they sleep on their property and they have a common complaint; point of contact." (ECF No. 6 at 1.) Frazier again takes issue with his arrest, prosecution, and the fact that he was apparently banned from a college by court order for using a computer in an unauthorized fashion.[3] (ECF No. 6; *see also* ECF No. 8.) He also describes adverse interactions he had with third parties. (ECF No. 6 at 4-5.) At one point, Frazier sought to add as Defendants the Defenders Association and the public defender representing him in his criminal case, apparently because Frazier is dissatisfied with counsel's performance. (*See* ECF No. 9.)

It is worth noting that Frazier has been a regular litigant in this Court. He has sued or attempted to sue SEPTA, the Commonwealth of Pennsylvania, the City of Philadelphia, prosecutors, and police officers (in particular those of the 9th District), among others. In fact, several of Frazier's previously-filed fourteen cases raise the same or similar allegations to those

---

[2] At times in his filings, Frazier appears to request emergency relief by describing his documents as "emergency" motions. To the extent those requests are still pending, they are denied. Although these documents are not part of the Complaint, the Court discusses them here in an effort to get the full sense of Frazier's claims.

[3] It appears that Frazier used a computer at a local college that was logged into a student's account and blames the student for failing to log out of his account. (*See* ECF No. 8 at 1.)

4

raised in the instant case. *See Frazier v. City of Phila.*, E.D. Pa. Civ. A. No. 18-827 (dismissed for failure to prosecute); *Frazier v. City of Phila.* E.D. Pa. Civ. A. No. 17-5361 (complaint dismissed for failure to state a claim); *Frazier v. City of Phila.*, E.D. Pa. Civ. A. No. 17-5352 (closed so that complaint could be docketed as an amended complaint in a prior matter); *Frazier v. City of Phila.*, E.D. Pa. Civ. A. No. 17-4608 (dismissed for failure to prosecute without prejudice to proceeding in Civ. A. No. 17-4597); *Frazier v. The State of Penn.*, E.D. Pa. Civ. A. No. 17-4597 (dismissed for failure to state a claim); *Frazier v. City of Phila.*, E.D. Pa. Civ. A. No. 17-3741 (dismissed as frivolous and for failure to state a claim); *Frazier v. City of Phila.*, E.D. Pa. Civ. A. No. 16-5856 (failure to provide adequate *in forma pauperis* motion); *Frazier v. City of Phila.*, E.D. Pa. Civ. A. No. 15-6878 (dismissed for failure to prosecute); *Frazier v. City of Phila.*, E.D. Pa. Civ. A. No. 15-2710 (dismissed for lack of subject matter jurisdiction); *Frazier v. Commonwealth of Pa.*, E.D. Pa. Civ. A. No. 15-936 (failure to provide adequate *in forma pauperis* motion); *Frazier v. SEPTA*, E.D. Pa. Civ. A. No. 15-935 (failure to provide adequate *in forma pauperis* motion); *Frazier v. Commonwealth*, E.D. Pa. Civ. A. No. 14-756 (dismissed for failure to state a claim); *ITDSC v. 9th Dist.*, E.D. Pa. Civ. A. No. 12-4798 (dismissed as unintelligible); *Int'l Typesetting & Design Servs. Corp. v. Bowden*, E.D. Pa. Civ. A. No. 12-4920 (same).

## II.  STANDARD OF REVIEW

Frazier is granted leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees to commence this civil action. As Frazier is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B) applies. This statute requires a court to dismiss a complaint that is frivolous, malicious, or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). It is legally baseless if "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085

5

(3d Cir. 1995), and factually baseless "when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). "[A] district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims." *Brodzki v. CBS Sports*, Civ. A. No. 11-841, 2012 WL 125281, at *1 (D. Del. Jan. 13, 2012).

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). As Frazier is proceeding *pro se*, the Court must construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Rule 8(a) requires a complaint to contain "a short a plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). This Court has noted that Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, No. Civ. A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

6

## III. DISCUSSION

Frazier's Complaint fails for several reasons. First, his allegations are unclear and disjointed such that it is difficult to ascertain what each Defendant is alleged to have done, when they are alleged to have done it, and how their actions or inactions violated any of Frazier's rights. Although some themes or possible bases for claims can be ascertained, this Court is left having to guess at the true substance of the Complaint. In other words, the manner in which the Complaint is pled prevents this Court or Defendants from meaningfully understanding the actual basis for Frazier's claims. Accordingly, the Complaint is dismissed on that basis. There are other issues with Frazier's Complaint, which the Court will address below.

Some of Frazier's allegations reassert allegations that appear to have been addressed in prior cases. Especially in light of Frazier's allegation that events in this case may date back to 2011 or 2012, it appears that Frazier may be attempting to reassert allegations or claims that were dismissed in his prior cases. If that is what he is trying to do, those claims must be dismissed as malicious.

It also appears that Frazier is attempting to raise claims that lack a legal basis. Although Frazier refers to Title VII, which prohibits certain discrimination in the work place and suggests that he was subjected to a hostile environment, nothing in his Complaint can be fairly read, even with the most liberal construction, to relate to workplace discrimination actionable under Title VII. Likewise, to the extent Frazier is seeking the arrest and prosecution of the Defendants for various crimes, his claims lack a legal basis as this Court cannot direct that relief. *See Godfrey v. Pennsylvania*, 525 F. App'x 78, 80 n.1 (3d Cir. 2013) (*per curiam*) ("[T]here is no federal right to require the government to initiate criminal proceedings." (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973))); *Mikhail v. Kahn*, 991 F. Supp. 2d 596, 636 (E.D. Pa. 2014) ("[F]ederal courts lack the power to direct the filing of criminal charges."), *aff'd*, 572 F. App'x 68 (3d Cir.

7

2014) (*per curiam*). This Court also lacks the ability to intercede in Frazier's state criminal proceeding which is currently pending. *See Younger v. Harris*, 401 U.S. 37, 43-44 (1971); *Duran v. Weeks*, 399 F. App'x 756, 758–59 (3d Cir. 2010) (*per curiam*) ("Since Duran's section 1983 action seeking to enjoin his criminal prosecution presents the classic case for *Younger* abstention, the District Court's dismissal of Duran's complaint on that basis was clearly appropriate.").

Frazier's Complaint is perhaps best construed as attempting to raise constitutional claims pursuant to 42 U.S.C. § 1983. Even so construed, however, his claims fail. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and/or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). As Frazier has been repeatedly told, the Commonwealth of Pennsylvania is not considered a "person" for purposes of § 1983 and is entitled to Eleventh Amendment immunity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989); *see also Frazier v. Penn*, No. CV 17-4597, 2017 WL 6028343, at *2 (E.D. Pa. Dec. 5, 2017) ("As previously explained to Mr. Frazier, he cannot state a § 1983 claim against the Commonwealth of Pennsylvania because the Commonwealth is not subject to suit under § 1983."). Frazier also cannot state a claim based on officials' alleged failures to investigate crimes or other wrongdoings that he reported. *See Graw v. Fantasky*, 68 F. App'x 378, 383 (3d Cir. 2003) ("[A]n allegation of a failure to investigate, without another recognizable constitutional right, is not sufficient to sustain a section 1983 claim." (quotations omitted)); *see also Boseski v. N. Arlington Municipality*, 621 F. App'x 131, 135 (3d Cir. 2015) (*per curiam*) ("Boseski has no cognizable claim against a government entity for its failure to investigate or bring criminal charges against another individual."). Frazier has previously been instructed on this point of law as well. *See Frazier v. City of Philadelphia*, No. CV 17-4597, 2018 WL 476160, at *4 (E.D. Pa. Jan. 18,

8

2018) ("Nor can Mr. Frazier state a claim based on allegations that government officials failed to investigate the alleged theft of his property or any other crimes committed against him.").

There are other additional problems with Frazier's claims. He may not sue the District Attorney in connection with his prosecution because prosecutors are entitled to absolute prosecutorial immunity from claims based on their initiation and prosecution of charges on behalf of the state. *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). Frazier may not bring § 1983 claims against Ms. Violet, Ms. Shauna, Susanne, and All Seasons Landscaping because nothing in the Complaint suggests that those individuals are state actors.[4] Frazier's court appointed attorney is also not a state actor subject to liability under § 1983. *See Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."). Frazier has also failed to state a claim against the City of Philadelphia because he has not alleged that a municipal policy or custom led to the violation of his constitutional rights. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978). It also appears as though several of Frazier's claims may be time-barred if he is attempting to pursue claims based on events going back to 2011, because Pennsylvania's two-year statute of limitations applies to Frazier's § 1983 claims.[5] *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *see also* 42 Pa. Cons. Stat. § 5524; *see also Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998) (The limitations period begins to run from the time "the plaintiff knew or should have known of the injury upon which [his] action is based").

---

[4] In any event, the Court cannot discern any legitimate basis for a claim based on Frazier's allegation that Ms. Violet and Ms. Shauna misrepresented to him that they are pastors.

[5] Frazier has been informed of this legal principle as well. *See Frazier v. City of Philadelphia*, No. CV 17-4597, 2018 WL 476160, at *5 (E.D. Pa. Jan. 18, 2018).

Although it appears that Frazier may be trying to raise a Fourth Amendment claim based on his recent arrest, he has not articulated any clear basis for that claim. To state a claim for false arrest under the Fourth Amendment, a plaintiff must allege facts establishing that he was arrested without probable cause. *See Orsatti v. N.J. State Police*, 71 F.3d 480, 482 (3d Cir. 1995). "[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Id.* at 483. Frazier appears to believe he was falsely arrested in connection with his recent criminal case or that his arrest and prosecution stemmed from a retaliatory motive. However, he has not provided any facts in support of those allegations, which is fatal to his claims.[6] *See Godfrey v. Pennsylvania*, 525 F. App'x 78, 80 (3d Cir. 2013) (*per curiam*) (explaining that, to the extent plaintiff was asserting claims for false arrest and imprisonment, "[plaintiff] needed to point to facts suggesting that Defendant Thompson lacked probable cause to believe he had committed the offense for which he was arrested"). In any event, it does not appear that he named the officer who arrested him as a defendant.

## IV. CONCLUSION

For the foregoing reasons, this Court grants Frazier leave to proceed *in forma pauperis* and will dismiss his Complaint. In light of the numerous defects noted above, many of which are incurable, and Frazier's filing history, which makes clear that he reasserts the same claims or types

---

[6] This is not the first time Frazier has filed a Complaint with this defect. Indeed, he has been repeatedly informed of the elements of a Fourth Amendment false arrest claim. *See Frazier v. City of Philadelphia*, No. CV 18-827, 2018 WL 1093314, at *1 (E.D. Pa. Feb. 28, 2018); *Frazier v. City of Philadelphia*, No. CV 17-4597, 2018 WL 476160, at *5 (E.D. Pa. Jan. 18, 2018); *Frazier v. Penn*, No. CV 17-4597, 2017 WL 6028343, at *3 (E.D. Pa. Dec. 5, 2017).

10

of claims repeatedly without success, this Court will dismiss all of Frazier's claims with prejudice with the exception of his Fourth Amendment claims related to his arrest and prosecution in *Commonwealth v. Frazier*, MC-51-CR-0025866-2018 (Phila. Municipal Ct.). Frazier will be given leave to file an amended complaint as to those claims *only*, in the event he can state a basis for a claim against an appropriate defendant. An appropriate Order follows.

*Nitza I. Quiñones Alejandro, J*