IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK S. FRAZIER,<br>*Plaintiff* | : : : | |
| v. | : : | CIVIL ACTION NO. 18-CV-4673 |
| THE STATE OF PENN, *et al.*,<br>*Defendants* | : : : | |

# MEMORANDUM

QUIÑONES ALEJANDRO, J.                                                                 MARCH 18, 2019

In a Memorandum and Order entered on the docket January 25, 2019, the Court granted Plaintiff Mark S. Frazier, who is representing himself, leave to proceed *in forma pauperis* and dismissed his Complaint. The Court dismissed all of Frazier's claims with prejudice except for any Fourth Amendment claims related to his arrest and prosecution in *Commonwealth v. Frazier*, MC-51-CR-0025866-2018 (Phila. Municipal Ct.). The Court gave Frazier leave to file an amended complaint as to those claims.

Frazier returned to the Court with an Amended Complaint, which is currently pending. (ECF No. 15.) For the following reasons, the Court will dismiss the Amended Complaint.

I.     **FACTS AND PROCEDURAL HISTORY**

Frazier's initial Complaint and filings were comprised of a group of somewhat disconnected allegations about a fire, police activity, SEPTA, and women whom Frazier alleged had misrepresented to him that they were pastors. The Court dismissed the initial Complaint for several reasons.

First, the Complaint was pled in such a manner that it was unclear what the factual basis was for Frazier's claims, meaning the Complaint did not comply with Federal Rule of Civil Procedure

1

8. Second, some of Frazier's claims appeared to duplicate those resolved in prior cases, such that they could be dismissed as malicious.[1] Third, Frazier lacked a legal basis for any employment discrimination claims under Title VII or to the extent he was asking this Court to intercede in his criminal proceeding.

The Court concluded that Frazier's claims were best construed as civil rights claims under 42 U.S.C. § 1983, and that, so construed, Frazier had not stated a claim. Some of Frazier's claims failed because he was raising them against individuals who were not state actors. Others failed because there is no basis for a § 1983 claim based on officials' failures to investigate crimes or wrongdoings that Frazier reported. The Court also informed Frazier that he may not sue prosecutors for pursuing charges against him and that his claims against the City of Philadelphia failed because he had not pled municipal liability based on a policy or custom. Although it appeared that Frazier was attempting to raise a Fourth Amendment claim based on a recent arrest, that claim failed because he had not explained how he was arrested without probable cause or in retaliation for exercising a right. The Court also observed that Frazier failed to name the arresting

---

[1] As the Court explained in its prior opinion, Frazier has repeatedly sued or attempted to sue SEPTA, the Commonwealth of Pennsylvania, the City of Philadelphia, prosecutors, and police officers (in particular those of the 9th District), among others. *See Frazier v. City of Phila.*, E.D. Pa. Civ. A. No. 18-827 (dismissed for failure to prosecute); *Frazier v. City of Phila.* E.D. Pa. Civ. A. No. 17-5361 (complaint dismissed for failure to state a claim); *Frazier v. City of Phila.*, E.D. Pa. Civ. A. No. 17-5352 (closed so that complaint could be docketed as an amended complaint in a prior matter); *Frazier v. City of Phila.*, E.D. Pa. Civ. A. No. 17-4608 (dismissed for failure to prosecute without prejudice to proceeding in Civ. A. No. 17-4597); *Frazier v. The State of Penn.*, E.D. Pa. Civ. A. No. 17-4597 (dismissed for failure to state a claim); *Frazier v. City of Phila.*, E.D. Pa. Civ. A. No. 17-3741 (dismissed as frivolous and for failure to state a claim); *Frazier v. City of Phila.*, E.D. Pa. Civ. A. No. 16-5856 (failure to provide adequate *in forma pauperis* motion); *Frazier v. City of Phila.*, E.D. Pa. Civ. A. No. 15-6878 (dismissed for failure to prosecute); *Frazier v. City of Phila.*, E.D. Pa. Civ. A. No. 15-2710 (dismissed for lack of subject matter jurisdiction); *Frazier v. Commonwealth of Pa.*, E.D. Pa. Civ. A. No. 15-936 (failure to provide adequate *in forma pauperis* motion); *Frazier v. SEPTA*, E.D. Pa. Civ. A. No. 15-935 (failure to provide adequate *in forma pauperis* motion); *Frazier v. Commonwealth*, E.D. Pa. Civ. A. No. 14-756 (dismissed for failure to state a claim); *ITDSC v. 9th Dist.*, E.D. Pa. Civ. A. No. 12-4798 (dismissed as unintelligible); *Int'l Typesetting & Design Servs. Corp. v. Bowden*, E.D. Pa. Civ. A. No. 12-4920 (same).

officer as a defendant and that the Complaint failed to provide a basis for holding any other Defendants liable for the arrest.

As noted above, the Court gave Frazier leave to file an amended complaint only with respect to "his Fourth Amendment claims related to his arrest and prosecution in *Commonwealth v. Frazier*, MC-51-CR-0025866-2018 (Phila. Municipal Ct.)." (ECF No. 14, ¶ 4.) Frazier returned with an Amended Complaint naming as Defendants the "State of Penn" and the City of Philadelphia. He indicates that the events giving rise to his claims took place in October 2018 and January 3rd through 7th of 2019. A review of the public docket for *Commonwealth v. Frazier*, MC-51-CR-0025866-2018 (Phila. Municipal Ct.), reflects that Frazier was arrested on October 7, 2018 and charged with possession of a controlled substance. The docket also indicates that on January 7, 2019, bail was set for Frazier and he was released on his own recognizance. Frazier was assigned counsel from the Defender Association of Philadelphia, and his counsel moved for a continuance to evaluate his competency.[2]

Getting back to the Amended Complaint, the Court understands Frazier to be alleging that he was falsely arrested. He indicates that the officer who arrested him claimed to have probable cause

---

[2] The Court recognizes its obligation under Federal Rule of Civil Procedure 17(c)(2) to protect an "incompetent person who is unrepresented in an action." If Frazier were, in fact, found to be incompetent, appointment of a guardian ad litem, attorney, or other representative would appear to be required in this case if it proceeded past screening under § 1915. *See Powell v. Symons*, 680 F.3d 301 (3d Cir. 2012). However, the Court may still conduct a screening under § 1915(e) consistent with Rule 17. *See id.* at 307 ("In the context of unrepresented litigants proceeding *in forma pauperis*, this inquiry [under Rule 17] would usually occur after the preliminary merits screening under 28 U.S.C. § 1915A or 28 U.S.C. § 1915(e)(2)."); *see also Himchak v. Dye*, 684 F. App'x 249, 252 (3d Cir. 2017) (per curiam) ("Because, as discussed below, we agree that the District Court properly dismissed the complaint under the screening provisions, it did not abuse its discretion by not appointing a guardian to protect Himchak's interests pursuant to Fed. R. Civ. P. 17(c)."); *Dangim v. FNU LNU, USA Law Enf't*, No. CV 16-0812 JB/SCY, 2017 WL 3149359, at *3 (D.N.M. June 2, 2017) (understanding *Powell* to convey that "a district court may sua sponte dismiss a complaint under § 1915A or § 1915(e)(2) as frivolous, malicious, or for failure to state a claim on which relief may be granted without first inquiring into a pro se litigant's mental competency to represent himself or herself under rule 17(c)(2).").

for the arrest based on "a lit K2 stick." (Am. Compl. at 3.)[3] Frazier acknowledges that if the K2 stick were lit, it would have emitted a smell and supported a basis for his arrest, but claims he has a witness to attest to the fact that "there was nothing lit in [his] hand" and that the officer "came straight over to [Frazier] from 100+ feet away." (*Id.*) He adds that he is a "product designer who has several wares that should be on the market but they aren't because of repeated violations like this one." (*Id.* at 4.)

Pages attached to the Amended Complaint contain additional allegations reflecting Frazier's assertion that probable cause was lacking for his arrest because he had "nothing lit" and officers approached him from over one-hundred feet away. (*Id.* at 14 & 19.) Frazier also takes issue with the way which his criminal proceeding was conducted and how he was treated by the defender handling his case. He appears to be alleging that the defender discriminated against him and ignored his assertion that he was either arrested or prosecuted on a retaliatory basis.[4] Notes on the side of Frazier's statement are unintelligible—they refer to indecent exposure, drawing blood, and unlawful detention, but no further context is evident. (*Id.* at 17.)

Frazier also attached to his Amended Complaint a "witness statement" that he prepared, which is signed by an individual named Terrell Caldwell, related to a second arrest on January 3, 2019. The statement indicates that Frazier and Caldwell were collecting wood that was "thrown out after Christmas Village." (*Id.* at 7.) Officers came by to investigate. Frazier and Caldwell left the area carrying wood, but officers pulled over to talk to them, stating that Frazier matched the description of a robbery suspect. The officer asked Frazier if the shoulder bag he was carrying was his and

---

[3] The Court adopts the pagination assigned to the Amended Complaint by the CM-ECF docketing system.

[4] It is not clear what the arrest or prosecution would be in retaliation for, as Frazier has not included any allegations that would support this assertion.

Frazier responded affirmatively. The officer then asked about the contents of the bag and the statement suggests that Frazier could not remember, perhaps because he was upset under the circumstances.

The officer allegedly realized during this time that Frazier was not the robbery suspect, but asked for Frazier's identification, learned that he had a warrant, and "locked him up." (*Id.* at 11.) According to the statement, however, prior to learning of the warrant officers were searching Frazier and pulling belongings from his pockets. Frazier asked Caldwell to hold his coat, bag, and flash drives until he returned from jail. Frazier also indicates that he was "arrested again after this, and again, the same way, that is, without probable cause, it appears so because after they stop you cause you fit a description then after realizing it is not you they still pursue and end up with 'FPT' (fruits from a poisonous tree)." (*Id.* at 15 & 19.)

Based on those allegations, Frazier seeks $5 million in damages, destruction of his prison record and a restraining order against the "9th district police." (*Id.* at 4.)

## II. STANDARD OF REVIEW

As Frazier is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B) applies, which requires the Court to dismiss a Complaint that is frivolous, malicious, or fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations or formulaic recitation of elements of a cause of action are insufficient to state a claim. *Id.*; *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008). As Frazier is

proceeding *pro se*, the Court must construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

The Court understands Frazier to be raising constitutional claims pursuant to 42 U.S.C. § 1983 based on his two recent arrests and his recent prosecution. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Here, Frazier has not stated a claim against the named Defendants, the Commonwealth of Pennsylvania—referred to in the caption as "State of Penn"—and the City of Philadelphia

As Frazier has already been told, the Commonwealth of Pennsylvania is not considered a "person" for purposes of § 1983 and is entitled to Eleventh Amendment immunity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989); *see also Frazier v. Penn*, No. CV 17-4597, 2017 WL 6028343, at *2 (E.D. Pa. Dec. 5, 2017) ("As previously explained to Mr. Frazier, he cannot state a § 1983 claim against the Commonwealth of Pennsylvania because the Commonwealth is not subject to suit under § 1983."). Frazier has also failed to state a claim against the City of Philadelphia.

To plead a basis for municipal liability under § 1983, a plaintiff must allege that the municipality's policy or custom caused the violation of his constitutional rights. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978). "To satisfy the pleading standard, [the plaintiff] must . . . specify what exactly that custom or policy was." *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009). "'Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict.'" *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (quoting

*Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)). "'Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law.'" *Id.* (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)). A plaintiff illustrates that a custom was the proximate cause of his injuries by demonstrating that the Defendant "had knowledge of similar unlawful conduct in the past, failed to take precautions against future violations, and that its failure, at least in part, led to his injury." *Id.* (internal quotations and alterations omitted).

Here, liberally construing the Amended Complaint, the Court understands Frazier to be alleging that a municipal custom led to his two recent arrests. The basis for that claim appears to be Frazier's allegation that he has been repeatedly arrested without probable cause. He suggests that, as with his January 3rd arrest, officers claim he meets the description of a suspect and ultimately arrest him, even after learning he is not the suspect.

Assuming this interpretation of Frazier's Amended Complaint is correct, he has not stated a municipal custom. The Amended Complaint describes two arrests, but the circumstances of those two arrests are dissimilar. Indeed, Frazier appears to acknowledge that, during events leading to his arrest in January, police discovered an open warrant, which appears to have been the basis for his arrest. In recognition that the Court directed Frazier to focus only on his recent arrest, the Court reviewed Frazier's prior filings in this case to determine whether he described other arrests sufficient to establish a plausible municipal custom. In his initial Complaint, Frazier appears to describe an arrest after he returned a found wallet and/or a case to the 9th District police station, and an incident where he was banned from what appears to be a local college after he admittedly used a computer that was logged into a student's account. Those distinct incidents, to the extent they may be considered, do not support any clear basis for a municipal custom. In sum, giving

Frazier's pleadings the broadest possible construction, the Court cannot discern a basis for a claim against the City of Philadelphia.[5]

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Frazier's Amended Complaint. As Frazier was put on notice of the defects in his claims and given an opportunity to amend them, but was unable to do so, the Court concludes that further attempts at amendment would be futile. An appropriate Order follows.

---

[5] Frazier opted not to name any of the officers involved in his arrest as defendants in his initial or his Amended Complaint.